THORLANIS JAMES
v.
LEDAR TRANSPORT AIG INSURANCE COMPANIES AND XYZ INSURANCE CARRIERS.
No. 2007 CA 0240.
Court of Appeal of Louisiana, First Circuit.
November 7, 2007.
NOT DESIGNATED FOR PUBLICATION.
PIUS A. OBIOHA, Counsel for Plaintiff Appellee, Thorlanis James.
ROBERT I. SIEGEL, DANIEL G. RAUH, Counsel for Defendant Appellant, AIG Life Insurance Company.
Before GAIDRY MCDONALD and MCCLENDON JJ.
GAIDRY J.
This appeal arises from a default judgment rendered in the 21st Judicial District Court against an insurer. For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Thorlanis James, a self-employed truck driver, filed a petition for breach of contract on April 2, 2003 against Ledar Transport, AIG Insurance Companies, and XYZ Insurance Carriers. In his petition, James alleges that he injured his right knee and foot in an accident while working as a truck driver under contract with Ledar Transport, that AIG Insurance Companies issued a policy obligating it to pay any and all losses due to employment disabilities, and that AIG Insurance Companies "failed to carry out its obligations owed to [James]." James alleges that the defendants are liable in solido for the damages he sustained as a result of his injuries.
AIG Insurance Companies was served with the petition through the Secretary of State on April 28, 2003. No answer was filed, and on March 15, 2006, a preliminary default was entered against AIG Insurance Companies. On November 6, 2006, James appeared in court to confirm the default. James testified that he had occupational and disability insurance through AIG at the time of the accident, but that AIG did not make any payments to him as a result of his accident. James's medical records relating to the accident were filed into evidence, and James's attorney also read the policy number of the alleged AIG policy into the record. The policy itself was not introduced. Judge Brenda Bedsole Ricks rendered judgment in favor of James "as prayed for." Although his petition did not include an amount, but rather requested damages as were reasonable under the circumstances, James's attorney prepared a judgment, making the following awards to James:

 General Damages: $410,000.00
 Future Medical Expenses: $82,000.00
 Past Medical Expenses: $12,335.00
 Interest: $181,807.20

On December 4, 2006, Judge Brenda Bedsole Ricks signed the judgment prepared by James's attorney in favor of James and against AIG Insurance Companies and Ledar Transport[1] in the amount of $686,142.20. AIG Life Insurance Company appealed from this judgment.

DISCUSSION
If a defendant fails to file an answer within the time allowed, judgment by default may be entered against him. La. C.C.P. art. 1701(A). A default judgment must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). Competent evidence sufficient to support a default judgment under an insurance policy has been held to be the policy itself. Nelson v. Merrick, 06-2381 (La. App. 1 Cir. 9/19/07), So.2d . Without the alleged MG insurance policy in evidence, James cannot establish a prima facie case against MG; therefore, the judgment in favor of James must be reversed.

DECREE
The judgment appealed from is reversed. Costs of this appeal are assessed to plaintiff, Thorlanis James. This opinion is issued in compliance with URCA Rule 2-16.1.B.
REVERSED.
NOTES
[1] Although the James's motion for default does not allege that Ledar Transport failed to file an answer and does not seek a default judgment against Ledar Transport, the default judgment is rendered against Ledar Transport.